## FEINSTEIN et al. v. HINDES et al.

(Supreme Court, Appellate Term.   June 30, 1908.)

1. SALES—ACTIONS FOR PRICE—EVIDENCE—SUFFICIENCY.

On an oral pleading, followed by an unverified bill of particulars, the entire evidence was the testimony of one of the plaintiffs that they sued defendants for a certain sum for dry goods sold and delivered and that no part of the bill had been paid.  *Held* that, on plaintiff's resting, a motion to dismiss should have been granted.

2. SAME.

In an action for the price of goods sold, evidence examined and *held* insufficient to sustain a finding against defendants.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel Feinstein and another against Jacob Hindes and others.  From a judgment for plaintiffs, defendants appeal.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Louis Bialostosky, for appellants.
Geo. A. Colvin, for respondents.

MacLEAN, J. This case should have been dismissed, as moved for by the defendants, upon the plaintiffs' resting, when, on an oral pleading, followed by an unverified bill of particulars, the entire evidence was the testimony of one of the plaintiffs (categorically answering five questions proposed by the trial justice) that he was in partnership with his coplaintiff, that they sued Hindes, Silver & Stuetz for $117.28 for goods sold and delivered, dry goods, and that no part of the bill had been paid. That conduct imposed upon the defendants the task of disproving a case largely to be imagined, exposed them to the searching of their evidence by cross-examination before the presentation of the plaintiffs' case, with the possibility of their being outsworn by evidence adapted to their own, and constrained them at the outset to rebut the presumption, said largely to obtain in some quarters, that the bringing of an action is prima facie to be followed by a recovery, since the action would probably not be brought, were there not reason for bringing it. It was the defendants' right to have the cause of action proved, rather than presumed, against them. All opportunities notwithstanding, the evidence upon which rests the recovery of the plaintiffs is so unsatisfactory that in the interest of justice the judgment should be reversed and the cause tried anew.

Delivery of the goods to a "custom peddler," nephew of a member of defendant firm, was undoubtedly proved, but insufficiently that it was at the instance of the defendant firm. One of the plaintiffs positively testified that the defendant firm always paid for other goods delivered to said nephew; but when held to facts, not conclusions, he testified that the nephew paid, and paid in cash, and that they never received any money or check from the defendants. His testimony thereto was valueless. Upon his first recall to the witness stand, the same plaintiff was asked:

"What did you say to his uncle, and what did you tell him?"

He answered:

"He told me I could give his nephew as much goods as he wants—to give any goods, and he will pay for the bill."

The word "he," in the expression "he will pay for the bill," has been changed in the typewritten minutes with pen and ink to "they"—a vital correction, but not initialed, as is initialed the only other, but decidedly less important, alteration in the minutes.

Upon the second recall of the same witness, he was again asked to state what defendant Stuetz said, and he replied:

"He said: 'Open the account in my name. Give him as much goods as he wants.'"

There is, therefore, no evidence upon which to find against these defendants, sued as doing business as the Imperial Cloak Company.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.